**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES WEAVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20 cv 474 |
| | ) | |
| CITY OF CHICAGO and OFFICERS | ) | |
| CRAIG BROWNFIELD, #2181, ADAM | ) | |
| TAPLING, #9489, JOHN SHERLOCK, | ) | |
| #9161, RENE UGARTE, #19859, JAIRO | ) | |
| PEDROMO, #19737, JUSTIN | ) | |
| CONCANNON, #7314, JOSEPH | ) | |
| LINZEMAN, #14543, and BERNARD LEE | ) | |
| JR., #15752, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CITY OF CHICAGO'S ANSWER TO
## PLAINTIFF'S COMPLAINT, JURY DEMAND, AND AFFIRMATIVE DEFENSES

Defendant City of Chicago ("Defendant City"), by and through its attorney, Mark A. Flessner, Corporation Counsel of the City of Chicago, for its answer to Plaintiff's Complaint, jury demand, and affirmative defenses, states as follows:

### INTRODUCTION

This is a civil action seeking damages against defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States.

**ANSWER:** **Defendant City admits that that Plaintiff is bringing this action seeking damages but denies any deprivations of Plaintiff's civil rights and further denies any wrongdoing or other unlawful conduct described herein.**

### JURISDICTION

1.       This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER**:    **Defendant City admits that this is an action brought pursuant to 42 U.S.C. § 1983 and that jurisdiction is proper but denies any allegation of misconduct or other wrongdoing alleged herein.**

2.    The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States.

**ANSWER**:    **Defendant City admits that venue is proper, but denies any allegation of misconduct or other wrongdoing alleged herein.**

3.    Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

**ANSWER: Defendant City admits the allegations contained in this paragraph but denies any allegation of misconduct or other wrongdoing alleged herein.**

## PARTIES

4.    Plaintiff CHARLES WEAVER is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois.

**ANSWER:    Defendant City lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.**

5.    Defendants CRAIG BROWNFIELD, #2181, ADAM TAPLING, #9489, JOHN SHERLOCK, #9161, RENE UGARTE, #19859, JAIRO PEDROMO, #19737, JUSTIN CONCANNON, #7314, JOSEPH LINZEMAN, #14543, and BERNARD LEE JR., #15752, ("Defendant Officers") were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacity.

**ANSWER:    Defendant City admits, upon information and belief, that at the time of the occurrence Defendants Brownfield, Tapling, Sherlock, Ugarte, Pedromo, Concannon, Linzeman, and Lee ("Defendant Officers") were Chicago Police Officers and acted within the scope of their employment. Answering further, Defendant City admits that Defendant Officers are being sued in their individual capacity.  Answering further, Defendant City denies that it or Defendant Officers engaged in the conduct complained of and further denies any and all allegations of wrongdoing alleged herein.**

6.    Defendant CITY OF CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer.

**ANSWER:    Defendant City admits the allegations contained in this paragraph.**

## FACTS

7.      On or around 27 February 2019, Plaintiff was at the residence that he shares with his fiancée and children when his fiancée called the police to escort him out. She did not want Plaintiff arrested.

**ANSWER**:    **Defendant City admits that on February 27, 2019, Plaintiff was at a residence, and the woman in that residence called the police to escort Plaintiff out of that residence.  Answering further, Defendant City lacks knowledge or information sufficient to form a belief regarding the remaining allegations contained in this paragraph.**

8.      At the time Defendant Officers arrived, Plaintiff's fiancé informed them that the Plaintiff was calm and the matter had been resolved. Nevertheless, Defendant Officers forced their way into the home and ordered Plaintiff to leave.

**ANSWER**: **Defendant City denies the allegations contained in this paragraph.**

9.      As Plaintiff was exiting the residence, Defendant Brownfield called Plaintiff, "boy" to which he took exception.

**ANSWER:  Defendant City denies that this allegation truly and accurately reflects the sequence of events, and therefore denies the allegations contained in this paragraph.**

10.      When Plaintiff held up his finger to make a verbal point, Defendant Brownfield initiated a takedown of Plaintiff. The other defendant officers on scene assisted.

**ANSWER: Defendant City admits that at some point Defendant Brownfield initiated an emergency takedown of Plaintiff.  Answering further, Defendant City denies that this allegation truly and accurately reflects the sequence of events, and therefore Defendant City denies the remaining allegations contained in this paragraph, and denies any wrongdoing alleged herein.**

11.      Defendant Officers used excessive force against Plaintiff CHARLES WEAVER, including making forcible contact with his arm and body. The force used against Plaintiff was objectively unreasonable.

**ANSWER:    Defendant City denies the allegations contained in this paragraph.**

12.      Defendant Officers broke CHARLES WEAVER's right arm.

**ANSWER:    Defendant City lacks knowledge or information sufficient to form a belief as to the allegations contained in this paragraph.**

13.      Plaintiff immediately cried out that there was pain in his arm.

**ANSWER: Defendant City admits that at some point during the struggle between Plaintiff and Defendant Officers that Plaintiff indicated that there was pain in his arm.  Answering**

further, Defendant City denies that this allegation truly and accurately reflects the facts, and therefore Defendant City denies the remaining allegations contained in this paragraph.

14.     Plaintiff CHARLES WEAVER was then arrested by Defendant Officers. Plaintiff's arrest was made without a warrant. Immediately before he was arrested by the Defendant Officers, Plaintiff was not violating any laws, rules or ordinances. As the Plaintiff was being arrested, he was not violating any laws, rules, or ordinances. There was no probable cause or justification for the arrest of Plaintiff CHARLES WEAVER on 27 February 2019.

**ANSWER:  Defendant City admits that Plaintiff was arrested on February 27, 2019 without a warrant.  Answering further, Defendant City denies the remaining allegations contained in this paragraph.**

15.     This misconduct occurred in front of Plaintiff's minor children, causing him and them to suffer severe emotion distress.

**ANSWER:     Defendant City denies the allegations contained in this paragraph.**

16.     Plaintiff told Defendant Officers that his arm was broken and requested medical attention. Defendants Officers delayed in providing and requesting medical attention for Plaintiff.

**ANSWER:     Defendant City denies that Plaintiff told all Defendant Officers that his arm was broken and requested medical attention.  Answering further, Defendant City denies that Plaintiff has accurately characterized the events in question and therefore denies the remaining allegations contained in this paragraph.**

17.     To cover up for their misconduct, Defendant Officers then caused Plaintiff be charged with a crime he did not commit. On 1 May 2019, all charges against Plaintiff were dismissed in a manner consistent with his innocence.

**ANSWER:     Defendant City denies the allegations contained in this paragraph.**

18.     The acts of Defendant Officers were intentional, willful and wanton.

**ANSWER:     Defendant City denies the allegations contained in this paragraph.**

19.     As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of his constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

**ANSWER:  Defendant City denies the allegations contained in this paragraph.**

## COUNT I: 42 U.S.C. § 1983 – Excessive Force

4

20.     Plaintiff re-alleges the above paragraphs as though fully set forth herein.

**ANSWER:     Defendant City reasserts its answers contained in the above paragraphs and incorporates its answers herein, as though fully stated.**

21.     The actions of the Defendant Officers constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

**ANSWER:     Defendant City denies the allegations contained in this paragraph.**

22.     As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress, and fear.

**ANSWER:     Defendant City denies the allegations contained in this paragraph.**

**COUNT II: 42 U.S.C. § 1983 – False Arrest**

23.     Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER:     Defendant City reasserts its answers contained in the above paragraphs and incorporates its answers herein, as though fully stated.**

24.     The actions of Defendant Officers, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted a deliberate indifference to Plaintiff's right under U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

**ANSWER:     Defendant City denies the allegations contained in this paragraph.**

25.     As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of her liberty and the taking of her person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed her to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

**ANSWER:     Defendant City denies the allegations contained in this paragraph.**

**COUNT III: 42 U.S.C. § 1983 – Denial of Medical Care**

26.     Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER:     Defendant City reasserts its answers contained in the above paragraphs and incorporates its answers herein, as though fully stated.**

27.     As described more fully above, Defendant Officers had notice of Plaintiff's objectively serious medical condition.

**ANSWER**:     **Defendant City denies the allegations contained in this paragraph.**

28.     Despite Defendant Officers' notice, they failed to provide Plaintiff with necessary medical attention, in violation of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

**ANSWER**:     **Defendant City denies the allegations contained in this paragraph.**

29.     As a result of the unjustified and unconstitutional conduct of Defendant Officers, Plaintiff experienced pain, suffering, emotional distress, injury, and risked lifelong impairment.

**ANSWER**:     **Defendant City denies the allegations contained in this paragraph.**

30.     The misconduct of Defendant Officers was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of Plaintiff.

**ANSWER**:     **Defendant City denies the allegations contained in this paragraph.**

31.     Alternatively, Defendants were deliberately indifferent to Plaintiff's objectively serious medical needs, and their acts were undertaken intentionally with malice, willfulness, and deliberate indifference to the rights of Plaintiff.

**ANSWER**:     **Defendant City denies the allegations contained in this paragraph.**

32.     Plaintiff was harmed as a result of the unconstitutional conduct of Defendant Officers including, but not limited to, severe pain, physical injury, mental suffering, anguish and humiliation, and loss of dignity.

**ANSWER**:     **Defendant City denies the allegations contained in this paragraph.**

### COUNT IV: 745 ILCS 10/9-102 – Indemnification

33.     Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER**: **Defendant City reasserts its answers contained in the above paragraphs and incorporates its answers herein, as though fully stated.**

34.     Defendant City of Chicago is the employer of the Defendant Officers.

**ANSWER**:     **Defendant City admits the allegations contained in this paragraph.**

35.     Defendant Officers committed the acts alleged above under color of law and in

the scope of her employment as an employee of the City of Chicago.

**ANSWER:     Defendant City, upon information and belief, admits that Defendant Officers acted within the scope of their employment.  Answering further, Defendant City denies any and all wrongdoing alleged herein.**

### COUNT V: Malicious Prosecution (State Law Claim)

36.     Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER:     Defendant City reasserts its answers contained in the above paragraphs and incorporates its answers herein, as though fully stated.**

37.     By the actions detailed above, Defendant Officers knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

**ANSWER:     Defendant City denies the allegations contained in this paragraph.**

38.     Defendant City is sued in this Count pursuant to the doctrine of respondeat superior, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of this employment.

**ANSWER:     Defendant City denies that Plaintiff has accurately stated the law as it pertains to the doctrine of *respondeat superior*.  Answering further, Defendant City, upon information and belief, admits that Defendant Officers acted within the scope of their employment.  Defendant City denies any and all allegations of wrongdoing.**

39.     As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of her lost liberty, exposure to public scandal and disgrace, damage to her reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

**ANSWER:     Defendant City denies the allegations contained in this paragraph.**

### COUNT VI: Intentional Infliction of Emotional Distress (State Law Claim)

40.     Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER:     Defendant City reasserts its answers contained in the above paragraphs and incorporates its answers herein, as though fully stated.**

41.     The above-detailed conduct by Defendant Officers was extreme and outrageous, exceeding all bounds of human decency.

**ANSWER:     Defendant City denies the allegations contained in this paragraph.**

42.     Defendants Officers performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

**ANSWER**:     **Defendant City denies the allegations contained in this paragraph.**

43.     Defendant City is sued in this to the doctrine of respondeat superior, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of their respective employment.

**ANSWER**:     **Defendant City denies that Plaintiff has accurately stated the law as it pertains to the doctrine of *respondeat superior*.  Answering further, Defendant City, upon information and belief, admits that Defendant Officers acted within the scope of their employment.  Defendant City denies any and all allegations of wrongdoing.**

44.     As a direct and proximate result of this conduct, Plaintiff did, in fact, suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, and excruciating physical pain and emotional suffering.

**ANSWER**:     **Defendant City denies the allegations contained in this paragraph.**

## JURY DEMAND

Defendant City respectfully demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

1.     Defendant City is not liable to Plaintiff for any federal claim for which its employees or agents are not liable to Plaintiff. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

2.     Defendant City cannot be held liable for punitive or exemplary damages in any Section 1983 action brought against it directly or indirectly by the injured party or a third party. *City of Newport et al. v. Fact Concerts, Inc.*, 435 U.S. 247 (1981).

3.     To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle

that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

4.     As to any state law claims made by Plaintiff, Defendant City is not liable because the decision as to what action to take with regard to Plaintiff was a discretionary decision for which Defendant City and its employees are immune from liability. 745 ILCS 10/2-201.

5.     To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202.

6.     Defendant City is not liable to Plaintiff for any state law claims for which its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109.

7.     As to Plaintiff's state law claims, Defendant City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (citations omitted); *see also Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Miller v. Pollution Control Board*, 267 Ill. App. 3d 160, 171, 642 N.E.2d 475, 485 (4th Dist. 1994).

Date: June 12, 2020                 Respectfully submitted,

                                    MARK A. FLESSNER
                                    Corporation Counsel for the City of Chicago

                    By:     */s/ Marques Berrington*
                              Marques Berrington
                              Assistant Corporation Counsel

Iris Chavira, Assistant Corporation Counsel Supervisor
Andrea Campbell, Assistant Corporation Counsel
City of Chicago, Department of Law
Federal Civil Rights Litigation Division
30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-6995
Atty. No.: 6320300
Marques.Berrington@cityofchicago.org

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES WEAVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20 cv 474 |
| | ) | |
| CITY OF CHICAGO and OFFICERS | ) | |
| CRAIG BROWNFIELD, #2181, ADAM | ) | |
| TAPLING, #9489, JOHN SHERLOCK, | ) | |
| #9161, RENE UGARTE, #19859, JAIRO | ) | |
| PEDROMO, #19737, JUSTIN | ) | |
| CONCANNON, #7314, JOSEPH | ) | |
| LINZEMAN, #14543, and BERNARD LEE | ) | |
| JR., #15752, | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

Brendan Shiller
SHILLER*PREYAR LAW OFFICE
601 South California Avenue
Chicago, Illinois 60612
E: brendan@shillerpreyar.com

**PLEASE TAKE NOTICE** that on this 12th day of June 2020, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANT CITY OF CHICAGO'S ANSWER TO PLAINTIFF'S COMPLAINT, JURY DEMAND, AND AFFIRMATIVE DEFENSES,** a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown this 12th day of June 2020.

11

/s/Marques Berrington
 Marques Berrington
Assistant Corporation Counsel