IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARLES WEAVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 20 cv 474 |
| ) | |
| CITY OF CHICAGO and OFFICERS ) | |
| CRAIG BROWNFIELD, #2181, ADAM ) | |
| TAPLING, #9489, JOHN SHERLOCK, ) | |
| #9161, RENE UGARTE, #19859, JAIRO ) | |
| PEDROMO, #19737, JUSTIN ) | |
| CONCANNON, #7314, JOSEPH ) | |
| LINZEMAN, #14543, and BERNARD LEE ) | |
| JR., #15752, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT OFFICERS' JOINT ANSWER TO PLAINTIFF'S AMENDED
COMPLAINT AT LAW, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Defendant Officers Craig Brownfield, Adam Tapling, Rene Ugarte, Jairo Pedromo, Justin Concannon, Joseph Concannon, Joseph Linzeman, John Sherlock and Bernard Lee Jr. (collectively, "Defendants"), by one of their attorneys, Laniya Moore, Assistant Corporation Counsel, submit their Answer and Affirmative Defenses to Plaintiff's Amended Complaint, stating as follows:

**INTRODUCTION**

This is a civil action seeking damages against defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States.

**ANSWER**: Defendants admit that that Plaintiff is bringing this action seeking damages but denies any deprivations of Plaintiff's civil rights and further denies any wrongdoing or other unlawful conduct described herein.

**JURISDICTION**

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER**: Defendants admit the allegations contained in this paragraph; but deny any and all allegations of wrongdoing.

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States.

**ANSWER**: Defendants admit the allegations contained in this paragraph; but deny any and all allegations of wrongdoing alleged herein.

3. Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

**ANSWER**: Defendants admit the allegations contained in this paragraph; but deny any and all allegations of wrongdoing alleged herein.

## PARTIES

4. Plaintiff CHARLES WEAVER is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in this paragraph.

5. Defendants CRAIG BROWNFIELD, #2181, ADAM TAPLING, #9489, JOHN SHERLOCK, #9161, RENE UGARTE, #19859, JAIRO PEDROMO, #19737, JUSTIN CONCANNON, #7314, JOSEPH LINZEMAN, #14543, and BERNARD LEE JR., #15752, ("Defendant Officers") were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacity.

**ANSWER**: Defendants admit that at the time of the occurrence that they were Chicago Police Officers and acted in the scope of their employment and under color of law. Answer further, Defendants admit that they are being sued in their individual capacity. Answering further, Defendants deny that they engaged in the conduct complained of and further deny any and all allegations of wrongdoing alleged herein.

6. Defendant CITY OF CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

## FACTS

7. On or around 27 February 2019, Plaintiff was at the residence that he shares with his fiancée and children when his fiancée called the police to escort him out. She did not want Plaintiff arrested.

**ANSWER**: Defendants admit that on February 27, 2019 Plaintiff was at a residence and the woman in that residence called the police to escort Plaintiff out of that residence. Answering further, Defendants lack knowledge or information sufficient to form a belief regarding the remaining allegations contained in this paragraph.

8. At the time Defendant Officers arrived, Plaintiff's fiancé informed them that the Plaintiff was calm and the matter had been resolved. Nevertheless, Defendant Officers forced their way into the home and ordered Plaintiff to leave.

**ANSWER**: Defendants deny that this allegation truly and accurately reflects the sequence of events, therefore Defendants deny the allegations contained in this paragraph.

9. As Plaintiff was exiting the residence, Defendant Brownfield called Plaintiff, "boy" to which he took exception.

**ANSWER**: Defendants deny that this allegation truly and accurately reflects the sequence of events, therefore Defendants deny the allegations contained in this paragraph.

10. When Plaintiff held up his finger to make a verbal point, Defendant Brownfield initiated a takedown of Plaintiff. The other defendant officers on scene assisted.

**ANSWER**: Defendants admit that at some point Defendant Brownfield initiated a takedown of Plaintiff. Answering further, Defendants deny that this allegation truly and accurately reflects the sequence of events, therefore Defendants deny the remaining allegations contained in this paragraph.

11. Defendant Officers used excessive force against Plaintiff CHARLES WEAVER, including making forcible contact with his arm and body. The force used against Plaintiff was objectively unreasonable.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

12. Defendant Officers broke CHARLES WEAVER's right arm.

3

**ANSWER**: Defendants deny that this allegation is a true and accurate statement of the event that transpired. Answering further Defendants lack knowledge or information sufficient to form a belief as to the cause of the injury to Plaintiff's right arm.

  13. Plaintiff immediately cried out that there was pain in his arm.

**ANSWER**: Defendants admit that at some point during the struggle between Plaintiff and Defendants that Plaintiff indicated that there was pain in his arm. Answering further, Defendants deny that this allegation truly and accurately reflects the facts, therefore Defendants deny the remaining allegations contained in this paragraph.

  14. Plaintiff CHARLES WEAVER was then arrested by Defendant Officers. Plaintiff's arrest was made without a warrant. Immediately before he was arrested by the Defendant Officers, Plaintiff was not violating any laws, rules or ordinances. As the Plaintiff was being arrested, he was not violating any laws, rules, or ordinances. There was no probable cause or justification for the arrest of Plaintiff CHARLES WEAVER on 27 February 2019.

**ANSWER**: Defendants admit that Plaintiff was arrested on February 27, 2019 without a warrant. Answering further, Defendants deny the remaining allegations contained in this paragraph.

  15. This misconduct occurred in front of Plaintiff's minor children, causing him and them to suffer severe emotion distress.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

  16. Plaintiff told Defendant Officers that his arm was broken and requested medical attention. Defendants Officers delayed in providing and requesting medical attention for Plaintiff.

**ANSWER**: Defendants deny that Plaintiff told all Defendant Officers that his arm was broken and requested medical attention. Answering further, Defendants deny that Plaintiff has accurately characterized the events in question and therefore deny the remaining allegations of the above paragraph.

  17. To cover up for their misconduct, Defendant Officers then caused Plaintiff be charged with a crime he did not commit. On 1 May 2019, all charges against Plaintiff were dismissed in a manner consistent with his innocence.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

  18. The acts of Defendant Officers were intentional, willful and wanton.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

19. As a direct and proximate result of the unlawful actions of the defendants, Plaintiff was injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of his constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

### COUNT I: 42 U.S.C. § 1983 – Excessive Force

20. Plaintiff re-alleges the above paragraphs as though fully set forth herein.

**ANSWER**: Defendants reassert their answers contained in the above paragraphs and

incorporate their answers herein, as though fully stated.

21. The actions of the Defendant Officers constituted unreasonable, unjustifiable, and excessive force against Plaintiff, thus violating his rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

22. As a direct and proximate result of the above-detailed actions of the defendants, Plaintiff was injured, including severe pain, physical injury, mental suffering, anguish and humiliation, emotional distress, and fear.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

### COUNT II: 42 U.S.C. § 1983 – False Arrest

23. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER**: Defendants reassert their answers contained in the above paragraphs and

incorporate their answers herein, as though fully stated.

24. The actions of Defendant Officers, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted a deliberate indifference to Plaintiff's right under U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

25. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of her liberty and the taking of her person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed her to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorneys' fees, all to Plaintiff's damage.

5

**ANSWER**:   Defendants deny the allegations contained in this paragraph.

### **COUNT III: 42 U.S.C. § 1983 – Denial of Medical Care**

26.   Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER**:   Defendants reassert their answers contained in the above paragraphs and incorporate their answers herein, as though fully stated.

27.   As described more fully above, Defendant Officers had notice of Plaintiff's objectively serious medical condition.

**ANSWER**:   Defendants deny the allegations contained in this paragraph.

28.   Despite Defendant Officers' notice, they failed to provide Plaintiff with necessary medical attention, in violation of the Fourth, Eighth, and Fourteenth Amendments of the United States Constitution.

**ANSWER**:   Defendants deny the allegations contained in this paragraph.

29.   As a result of the unjustified and unconstitutional conduct of Defendant Officers, Plaintiff experienced pain, suffering, emotional distress, injury, and risked lifelong impairment.

**ANSWER**:   Defendants deny the allegations contained in this paragraph.

30.   The misconduct of Defendant Officers was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of Plaintiff.

**ANSWER**:   Defendants deny the allegations contained in this paragraph.

31.   Alternatively, Defendants were deliberately indifferent to Plaintiff's objectively serious medical needs, and their acts were undertaken intentionally with malice, willfulness, and deliberate indifference to the rights of Plaintiff.

**ANSWER**:   Defendants deny the allegations contained in this paragraph.

32.   Plaintiff was harmed as a result of the unconstitutional conduct of Defendant Officers including, but not limited to, severe pain, physical injury, mental suffering, anguish and humiliation, and loss of dignity.

**ANSWER**:   Defendants deny the allegations contained in this paragraph.

### **COUNT IV: 745 ILCS 10/9-102 – Indemnification**

33.   Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER**: Defendants reassert their answers contained in the above paragraphs and incorporate their answers herein, as though fully stated.

34. Defendant City of Chicago is the employer of the Defendant Officers.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

35. Defendant Officers committed the acts alleged above under color of law and in the scope of her employment as an employee of the City of Chicago.

**ANSWER**: Defendants admit that they acted under color of law and in scope of their employment as an employee of the City of Chicago. Answering further, Defendants deny any and all wrongdoing alleged herein.

### COUNT V: Malicious Prosecution (State Law Claim)

36. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER**: Defendants reassert their answers contained in the above paragraphs and incorporate their answers herein, as though fully stated.

37. By the actions detailed above, Defendant Officers knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

38. Defendant City is sued in this Count pursuant to the doctrine of respondeat superior, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of this employment.

**ANSWER**: Defendants admit that Defendant City is sued in this Count but denies that Plaintiff has accurately stated the law as it pertains to the doctrine of *respondeat superior*. Answering further, Defendants admit that they were employed by Defendant City, on duty at the time of the incident and acted within the scope of their employment. Defendants deny any and all allegations of wrongdoing.

39. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of her lost liberty, exposure to public scandal and disgrace, damage to her reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

7

## COUNT VI: Intentional Infliction of Emotional Distress (State Law Claim)

40. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER**: Defendants reassert their answers contained in the above paragraphs and incorporate their answers herein, as though fully stated.

41. The above-detailed conduct by Defendant Officers was extreme and outrageous, exceeding all bounds of human decency.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

42. Defendants Officers performed the acts detailed above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

43. Defendant City is sued in this to the doctrine of respondeat superior, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of their respective employment.

**ANSWER**: Defendants admit that Defendant City is sued in this Count but denies that Plaintiff has accurately stated the law as it pertains to the doctrine of *respondeat superior*. Answering further, Defendants admit that they were employed by Defendant City, on duty at the time of the incident and acted within the scope of their employment. Defendants deny any and all allegations of wrongdoing.

44. As a direct and proximate result of this conduct, Plaintiff did, in fact, suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, and excruciating physical pain and emotional suffering.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

## JURY DEMAND

Defendants respectfully demand a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

1. Defendants are government officials, namely police officers, who perform discretionary

8

functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted said Defendants could have believed their actions to be lawful, in light of clearly established law and the information that said Defendants possessed. Defendants, therefore, are entitled to qualified immunity as a matter of law.

2. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in the case.

3. To the extent any damages claimed by Plaintiff were proximately caused, in whole or in part, by Plaintiff's actions, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by a jury in this matter.

4. Under Section 201 of the Illinois Tort Immunity Act ("Tort Immunity Act"), Defendants are not liable for injuries arising out of the exercise of discretionary acts. 745 ILCS 10/2-201 (2006).

5. As to any state law claim alleged by Plaintiff, a public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202. Defendants are public employee and their respective acts and omissions rendered at all times material to the events alleged in Plaintiff's Complaint were neither willful nor wanton, thus, Defendants have immunity from Plaintiff's claims.

6. As to any state law claim alleged by Plaintiff, a public employee acting within the scope of his or her employment is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204. Defendants are public employee, who at all times

material to the events alleged in Plaintiff's Complaint, acted within the scope of their employment and are, therefore, not liable for the acts or omissions of other people.

7. Defendants cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless each individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

8. As to any state law claim alleged by Plaintiff, Plaintiff is not entitled to attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement, "attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party." *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (citations omitted).

9. As to Plaintiff's state law claims, under the Illinois Tort Immunity Act, the Defendants are not liable for any of the claims alleged because a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. 745 ILCS 10/2-208 (2014).

10. Defendant Officers are absolutely immune from civil liability for their testimony given in judicial proceedings in Plaintiff's underlying criminal case. *Briscoe v. LaHue*, 460 U.S. 25, 330-31, 103 S. Ct. 1108, 1113 (1983); *Jurgensen v. Haslinger*, 295 Ill. App. 3d 139, 141- 42, 692 N.E.2d 347, 349-50 (3d Dist. 1998).

        Respectfully submitted,

        */s/Laniya Moore*
        Laniya Moore
        Assistant Corporation Counsel
        30 N. LaSalle Street
        Suite 900
        Chicago, Illinois 60602
        (312) 742-3902
        (312) 744-6566 (FAX)

Max Boose, Assistant Corporation Counsel
Jessica Ziswa, Assistant Corporation Counsel
Jessica Griff, Assistant Corporation Counsel Supervisor

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHARLES WEAVER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 20 cv 474 |
| | ) | |
| CITY OF CHICAGO and OFFICERS CRAIG BROWNFIELD, #2181, ADAM TAPLING, #9489, JOHN SHERLOCK, #9161, RENE UGARTE, #19859, JAIRO PEDROMO, #19737, JUSTIN CONCANNON, #7314, JOSEPH LINZEMAN, #14543, and BERNARD LEE JR., #15752, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

Brendan Shiller
SHILLER*PREYAR LAW OFFICE
601 South California Avenue
Chicago, Illinois 60612
E: brendan@shillerpreyar.com

    **PLEASE TAKE NOTICE** that on this 12th day of June 2020, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANT OFFICERS' JOINT ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AT LAW, AFFIRMATIVE DEFENSES, AND JURY DEMAND**, a copy of which is herewith served upon you.

    I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown this 12th day of June 2020.

                                                   /s/Laniya Moore
                                                    Laniya Moore
                                                    Assistant Corporation Counsel